CROSS & SIMON, LLC
KEVIN S. MANN, ESQ. (N.J. Bar No. 0079002007)
913 North Market Street, 11th Floor
Wilmington, DE 19801
(302) 777-4200
(302) 777-4224 (facsimile)
kmann@crosslaw.com

*Attorneys for Plaintiff, New England
Financial of North Jersey LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW ENGLAND FINANCIAL OF NORTH JERSEY LLC,<br>Plaintiff,<br><br>v.<br><br>CREATIVE FINANCIAL GROUP OF NEW JERSEY,<br><br>Defendant. | CIVIL NO: _____<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The plaintiff, New England Financial of North Jersey, LLC, by way of Complaint against defendant, Creative Financial Group of New Jersey, hereby says as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is founded upon 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

2. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332.

**THE PARTIES**

3. Plaintiff New England Financial of North Jersey LLC ("NEFNJ") is a limited liability company organized under the laws of the State of New Jersey with a principal place of business located at 100 Passaic Avenue, Ste. 100, Fairfield, New Jersey 07004

4. Upon information and belief, Creative Financial Group of New Jersey ("CFG") is a corporation organized under the laws of the State of New Jersey with a principal place of business located at 1305 Campus Parkway, Suite 100, Wall Township, New Jersey 07753.

## BACKGROUND

5. On or about December 29, 2007, New England Life Insurance Company entered into that certain Corporate Managing Partner Contract (the "New England Life Contract") with NEFNJ and its NEFNJ's principal, Edward Barrett.

6. In furtherance of its activities under the New England Life Contract, on or about July 18, 2008, NEFNJ entered into an agreement (the "Taleo Contract") with Taleo Cloud Service ("Taleo") whereby Taleo agreed to provide certain computing services to NEFNJ. NEFNJ purchased and paid for the Taleo Business Edition software for many years under a discounted rate offered to MetLife affiliates. Taleo was subsequently succeeded by Oracle America, Inc. ("Oracle").

7. Effective September 30, 2012, New England Life Insurance Company purported to terminate the New England Life Contract. Concurrent with this purported termination, Mr. Barrett, on or about October, 2012, requested that Oracle update his password so that he would be able to continue to access data and make such data inaccessible to any former employees of NEFNJ.

8. At some point after October, 2012 (after Mr. Barrett already requested a password change), a representative of defendant CFG – a company not associated with NEFNJ or Mr. Barrett – improperly requested and was inadvertently given access to NEFNJ's database as maintained by Oracle, without the consent of Mr. Barrett or NEFNJ.

9. Notice of such request was not given to Mr. Barrett or NEFNJ.

2

10. After such time, Mr. Barrett and NEFNJ were unable to access the Oracle database containing data prepared by NEFNJ.

11. NEFNJ has spent over $300,000 and five years compiling the information contained in this database (the "Data"), much of which is highly confidential and was accessed by CFG in violation of privacy laws. The Data includes confidential and private personal information about NEFNJ's contacts. NEFNJ estimates that, during its five years using the Taleo/Oracle database, approximately 6,500 potential personal contacts had been loaded into the database, of which 3,000 had actually been contacted by NEFNJ, while 1,100 had been interviewed or were in the process of being interviewed. After it was shut out of the database, NEFNJ was not able to use the Data that it had created in the course of its business.

12. After the purported termination of the New England Life Contract, CFG unilaterally took over NEFNJ's office at 30 Two Bridges Road, Suite 320, Fairfield, New Jersey 07004.

13. When it took possession of NEFNJ's office, CFG took possession of files relating to NEFNJ's finances, including financial records, personal client files, employee files (including immigration files related to work visa sponsorships) and Mr. Barrett's personal files containing confidential information about Mr. Barrett and his family, balance sheets and tax returns, office equipment and furnishings, databases, and systems purchased by Mr. Barrett and/or NEFNJ (collectively, the "Personal Property").

14. CFG has failed and refused to return any of NEFNJ and/or Mr. Barrett's personal property.

## COUNT I
### (Conversion)

15. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

16. NEFNJ and/or Mr. Barrett held clear legal ownership and right to possession of the Personal Property and the Data.

17. CFG wrongfully took possession of the Personal Property and Data.

18. CFG converted NEFNJ's property rights in the Personal Property and Data.

19. NEFNJ has been damaged by such conversion.

## COUNT II
### (Trespass to Chattels)

20. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

21. CFG wrongfully trespassed on NEFNJ's personal property.

22. NEFNJ owned, possessed, or had a right to possess the Personal Property and the Data.

23. CFG intentionally interfered with NEFNJ's use and possession of the Personal Property and Data.

24. NEFNJ did not consent to CFG's use or possession of the Personal Property or the Data.

25. NEFNJ was harmed by CFG's use and possession of the Personal Property and the Data.

26. CFG's conduct was a substantial factor in causing NEFNJ's harm.

## COUNT III
### (Misappropriation of Trade Secrets)

27. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

28. CFG improperly and without authorization accessed NEFNJ's Data.

29. The Data is confidential information obtained or created by NEFNJ.

30. The Data is not known outside of NEFNJ's business.

31. The Data was not generally known or accessible to employees and others within NEFNJ.

32. NEFNJ took extensive measures to guard the Data's secrecy, including entering into the Taleo Contract.

33. The Data is of great value to NEFNJ and to its competitors, including CFG.

34. NEFNJ has spent over $300,000 and five years compiling the Data, and it would be difficult for others to properly acquire or duplicate the information.

35. NEFNJ was not able to use the Data that it had created after the time that CFG was given access to the Data.

36. NEFNJ has been damaged by CFG's accessing of the Data.

## COUNT IV
### (Fraud/Misrepresentation)

37. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

38. A representative of CFG contacted Oracle and improperly indicated that it had the right to access the Data.

39. Such statement was a material misrepresentation.

40. At the time that such representative of CFG contacted Oracle, such representative knew or should have known that CFG did not have the right to access the Data and that any statement to the contrary was false.

41. CFG's representative made such misrepresentation with the intention that Oracle rely upon it.

42. In allowing CFG access to the Data, Oracle reasonably relied upon CFG's false representation.

43. NEFNJ was harmed by Oracle's reliance on CFG's misrepresentation.

## COUNT V
### (Unjust Enrichment)

44. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

45. NEFNJ made payments to Oracle under the Taleo Contract.

46. CFG took advantage of the benefits of the Taleo Contract by accessing the Data without making payment under the Taleo Contract.

47. CFG accepted and retained the benefits of NEFNJ's payments to Oracle when it was inequitable for CFG to do so without paying the value of such benefits.

48. CFG has been unjustly enriched in that it has received a benefit from NEFNJ and the retention of such benefit by CFG is inequitable.

## COUNT VI
### (Intentional Interference with Contractual Relations)

49. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

50. NEFNJ expected that it would be able to enjoy the benefits of the Taleo Contract by accessing the Data.

51. CFG's actions caused NEFNJ to be unable to access the Data.

52. CFG's actions caused Oracle to be unable to keep the Data confidential.

53. By its conduct, CFG has intentionally and improperly induced or otherwise intentionally caused Oracle not to perform under the Taleo Contract with NEFNJ.

54. CFG's conduct was done for the purpose of causing the interference and such conduct was directly related to NEFNJ's inability to access the Data.

55. CFG has intentionally interfered with the contractual relations between NEFNJ and Oracle.

## COUNT VII
### (Unlawful Interference With Prospective Economic Advantage)

56. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

57. NEFNJ has the right to pursue a lawful business and to enjoy the fruits and advantages of its industry and efforts.

58. NEFNJ has an interest in reasonable expectations of economic advantage.

59. CFG had or should have had knowledge of NEFNJ's expectancy of economic advantage.

60. CFG wrongfully and without justification interfered with NEFNJ's expectancy of economic advantage or benefit

61. CFG's access of the Data and possession of the Personal Property have interfered with a reasonable expectancy of economic advantage or benefit on the part of the plaintiff.

62. In the absence of the wrongful acts of CFG, it is reasonably probable that NEFNJ would have realized its economic advantage or benefit.

63. NEFNJ sustained damages as a result of CFG's actions.

## COUNT VIII
### (Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030))

64. NEFNJ repeats and incorporates by reference the averments set forth above as if fully set forth herein.

65. CFG intentionally accessed the Data contained in the Oracle database without authorization.

66. CFG obtained the Data from a protected computer, which involved an interstate communication.

67. By its actions, CFG has violated the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

68. Because of CFG's intentional and unauthorized access to the Data, NEFNJ sustained economic damages aggregating in excess of $5,000 during the 1-year period from the date that CFG requested that Oracle change the database password.

WHEREFORE, the plaintiff, NEFNJ, hereby demands judgment against the defendant, CFG, for:

a. monetary and nonmonetary damages in an amount to be proven at trial;

b. consequential damages;

c. punitive damages;

d. treble damages;

e. lost profits;

f. interest, attorney fees and costs of suit;

g. the return of NEFNJ's personal property; and

h. such other relief as the Court may deem equitable, proper and just.

CROSS & SIMON, LLC

By: _____
Kevin S. Mann, Esquire

*Counsel for New England Financial of North Jersey LLC*

Dated: September 20, 2013

9

## DESIGNATION OF TRIAL COUNSEL

Kevin S. Mann, Esquire is hereby designated as Trial Counsel on behalf of the plaintiff, New England Financial of North Jersey LLC, in the above-captioned matter.

CROSS & SIMON, LLC

By: _____
Kevin S. Mann, Esquire

*Counsel for New England Financial of North Jersey LLC*

Dated: September 20, 2013

## DEMAND FOR TRIAL BY JURY

Please take notice that the plaintiff, New England Financial of North Jersey LLC, hereby demands a trial by jury on all issues triable in this matter.

CROSS & SIMON, LLC

By: _____
Kevin S. Mann, Esquire

*Counsel for New England Financial of North Jersey LLC*

Dated: September 20, 2013

## CERTIFICATION

The undersigned hereby certifies the following:

1. To the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time; and

2. To the best of my knowledge and belief, there are no other parties who must be joined in this action at this time; and

3. I certify that the foregoing statement made by me are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

CROSS & SIMON, LLC

By: _____
Kevin S. Mann, Esquire

*Counsel for New England Financial of North Jersey LLC*

Dated: September 20, 2013